NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 20-534

GERALD A. NEWBURGER, JR.

VERSUS

ORKIN, L.L.C., ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 261,969
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and D. Kent Savoie, Judges.

MOTION TO SUPPLEMENT THE RECORD DENIED.

**William Alan Pesnell**
**120 East Mark St.**
**Marksville, LA 71351**
**(318) 717-2380**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Gerald A. Newburger, Jr.**

**Matthew Nowlin**
**Keiser Law Firm, P.L.C.**
**Post Office Box 12358**
**Alexandria, LA 71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Cypress Point at Lake District Condominium Association, Inc.**

**GREMILLION, Judge.**

Defendant-Appellee, Cypress Point at Lake District Condominium Association, Inc., has filed a Motion to Supplement the Record and a Motion to Seal Supplemental Record. Plaintiff-Appellant, Gerald A. Newburger, Jr., has filed an Opposition to Motion to Supplement the Record. For the reasons discussed herein, we deny Appellee's motion.

The instant case arises from Appellee's Motion for Assessment and Recovery of Attorneys' Fees and Costs filed in the trial court. In an affidavit attached to the motion, counsel for Appellee, Randall B. Keiser, attested, in part, that Appellee paid $36,133.50 in attorneys' fees and $2,380.27 in costs and expenses in defending the lawsuit. Appellant opposed the motion. Appellee filed a Reply Memorandum in Support of its Motion for Assessment and Recovery of Attorneys' Fees and Costs with Exhibit "A" attached. Also, Appellee submitted a second exhibit, Exhibit "B", to the trial court for an *in camera* inspection.

A hearing on the motion was held on June 29, 2020, and the trial court awarded $25,000.00 in attorneys' fees and $551.49 in non-record court costs. A written judgment was signed on July 6, 2020.

After the instant appeal was lodged in this court on November 9, 2020, Appellee filed a Motion to Supplement the Record, seeking to include in the record Exhibit "B." Exhibit "A," Appellee explains, that was attached to its reply memorandum, was included in the appeal record. However, because Exhibit "B" was submitted to the trial court for an *in camera* inspection, it was not included in the appeal record.

Appellee concludes that because Appellant has made the trial court's award of attorneys' fees at issue in his appeal, because the Judgment subject to appeal acknowledges that the trial court considered the offered exhibits in support of Appellee's Motion for Assessment and Recovery of Attorneys' Fees and Costs, and

because Exhibit "B," along with other exhibits made a part of the appeal record, represents the best evidence of what arguments and exhibits were presented to the trial court, and the reasons for the trial court's rulings, this court needs the same evidence the trial court had in reaching its decision.

Appellee refers to Exhibit "A" as "Undersigned counsel's Billing Summary in successfully defending Cypress Point against Newburger's original lawsuit. Appellee refers to Exhibit "B" as "Undersigned counsel's detailed, monthly bills to Cypress Point identifying to the tenth of an hour the time spent by Undersigned counsel in successfully defending Cypress Point against Newburger's original lawsuit."

In opposition to Appellee's motion to supplement the record, Appellant argues that Appellee seeks to supplement the record with a document that was never provided to Appellant and which was never entered into the record of evidence. In other words, Appellant asserts that Appellee failed to enter the document into evidence once the trial court had reviewed it. Appellant concludes that Appellee is asking this court to accept Exhibit "B" as evidence when Appellant has never seen it, never had an opportunity to ask questions or cross examine the creator of the document, and where the document was not placed in evidence.

Our review of the hearing transcript reflects that the only discussion regarding Exhibit "B" was when Appellant's counsel informed the trial court that it had not seen Exhibit "B":

> I understand that [counsel for Appellee] presented to you with – I guess a – a bill for in camera review. I've not seen it. . . . I will tell you that I don't disagree that the rate [is] reasonable. I don't know that the hours are, but I am assuming you'll review it and with your discretion, but we haven't seen it, so we haven't had a chance to comment on it all, so.

In response, counsel for Appellee did not address the fact that Exhibit "B" had not been given to Appellant and that Appellant had not been given the opportunity to traverse the document.

Although there is no dispute that the trial court was presented with Exhibit "B" and performed an *in camera* inspection, the result of the inspection was not discussed on the record. The trial court never referred to Exhibit "B." Further, the trial court did not respond to Appellant's assertion that he had not seen the exhibit. Lastly, there is no indication in the record that the exhibit was offered and introduced into evidence after the *in camera* inspection.

The Louisiana Supreme Court in *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88 (citations omitted), stated, "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." Additionally, "Appellate courts are courts of record and may not review evidence that is not in the appellate record[] or receive new evidence." *Id.* (citations omitted).

In light of Appellee's failure to offer and introduce Exhibit "B" in evidence, we find that the document is not part of the record and cannot be considered by this court on appeal. Accordingly, we deny Appellee's motion to supplement the record with Exhibit "B." Appellee's motion to seal the supplemental record is rendered moot.

**MOTION TO SUPPLEMENT THE RECORD DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.